UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU HADERA FKADU,<br><br>    Petitioner,<br><br>v.<br><br>LINDA PERSONS, Director, Atascadero State Hospital,<br><br>    Respondent. | Case No. 13-CV-2693-LAB (JMA)<br><br>**REPORT AND RECOMMENDATION RE DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

For the reasons set forth below, the Court recommends the Petition for Writ of Habeas Corpus filed by Petitioner Berihu Hadera Fkadu ("Petitioner") be **DENIED**.

**I.     Introduction**

Petitioner, currently committed at Atascadero State Hospital ("ASH") and proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  The Court has considered the Petition, Respondent's Answer and Memorandum of Points and Authorities in support thereof, and all the supporting documents submitted by the parties.  Based upon the documents and evidence presented in this case,

and for the reasons set forth below, the Court recommends that the Petition be **DENIED**.

## II.    Factual and Procedural Background

In 1995, after Petitioner waived his right to a jury, the trial court found Petitioner not guilty by reason of insanity ("NGI") as to two counts of a forcible lewd act with a child in violation of California Penal Code section 288(b) and three counts of felony assault in violation of Penal Code section 245(a)(1). (Lodgment No. 2; Lodgment No. 9 at 2; see also Pet. at 2.) The trial court subsequently found that Petitioner had not recovered his sanity and committed Petitioner to the State Department of Mental Health for treatment. (Lodgment No. 9 at 2.) Petitioner was on outpatient status during a period in 1998 and 1999, but otherwise has been confined since his trial. (Id.)

On June 5, 2012, the San Diego County District Attorney ("D.A.") filed a petition to extend Petitioner's commitment pursuant to Penal Code section 1026.5. (Lodgment No. 4 at 1-19.) According to the petition, Petitioner's commitment was originally set to expire on October 3, 2004, based on a maximum term of commitment set by the Community Release Board of 6 years, 10 months, and 16 days. (Id. at 2.) Petitioner's maximum term of confinement had previously been extended by two years pursuant to section 1026.5 on four separate occasions, extending Petitioner's maximum date of commitment to October 3, 2006, October 3, 2008, October 3, 2010, and October 3, 2012, respectively. (Id.) The D.A.'s petition alleged that Petitioner was "still suffering from a mental disease, defect, or disorder and by reason of such mental disease, defect, or disorder represents a substantial danger of physical harm to others." (Id. at 2-3.)

Both Petitioner and the People waived the right to a jury trial. (Id. at 58, 75.) At the conclusion of the trial, on October 3, 2012, the trial court found that Petitioner was still suffering from a mental disorder to such a degree that he remained a substantial danger to himself and others. (Id. at 56, 57-58.) The court committed Petitioner for an additional two years to October 3, 2014. (Id.)

Petitioner appealed to the California Court of Appeal, arguing there was insufficient evidence that he remained a threat to others because of his mental illness. (Lodgment No. 6.) On April 5, 2013, in an unpublished opinion, the California Court of Appeal affirmed the judgment. (Lodgment No. 9.) Petitioner then filed a series of Petitions for Writ of Habeas Corpus in the California Supreme Court in which he set forth claims that varied from the claim he had presented to the Court of Appeal. In the first habeas petition, he argued that (1) his trial counsel and interpreter never advised that his commitment term could be extended beyond his maximum sentence and (2) he was the victim of false charges. (Lodgment No. 10.) The petition was denied without comment on May 22, 2013. (Lodgment No. 11.) Petitioner then filed another habeas petition in the California Supreme Court, in which he argued that (1) his trial counsel and interpreter never advised that his commitment term could be extended beyond his maximum sentence, and (2) he had been denied his right to a jury trial at each of his extension proceedings. (Lodgment No. 12.) The petition was denied on September 18, 2013 with citations to In re Clark, 5 Cal. 4th 750, 767-69 (1993); People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Dixon, 41 Cal. 2d 756, 759 (1953); In re Swain, 34 Cal. 2d 300, 304 (1949); and In re Miller, 17 Cal. 2d 734, 735 (1941). (Lodgment No. 13.) Petitioner then filed a third habeas petition in the California Supreme Court, in which he argued the same two grounds as in his second petition. (Lodgment No.

14.) The petition was denied without comment on November 26, 2013. (Lodgment No. 15.)

On October 30, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, setting forth four claims: (1) the charges brought against him in 1994 were false; (2) his trial counsel never advised him that his maximum term of commitment could be extended; (3) he would not have pled NGI had he known of "indefinite extensions"; and (4) he was denied the right to a jury trial at each of his extension proceedings. (Pet. at 6-9.) Respondent filed an Answer on March 4, 2014. (Doc. No. 6.) Petitioner did not file a Traverse.

### III. Discussion

### A. Standard of Review

Habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. ----, 131 S.Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979)). A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas courts may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs review of Petitioner's claims because he filed his federal habeas

petition after that statute's 1996 effective date. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh, 521 U.S. at 333 n.7). "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 779 (2010). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-87.

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Id. at 784. Federal habeas relief is available under the first exception if the state court result "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003); Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (distinguishing the 28 U.S.C. § 2254(d)(1) "contrary to" test from its "unreasonable application" test). To be found an "unreasonable application" of the precedent, the state court decision must have been "more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citations omitted); Renico, 559 U.S. at 779. A lack of holdings from the Supreme Court on the issue presented precludes relief under 28 U.S.C. § 2254(d)(1). Carey v. Musladin, 549 U.S. 70, 77 (2006); see also Moses v.

Payne, 555 F.3d 742, 754 (9th Cir. 2009) ("[W]hen a Supreme Court decision does not 'squarely address[] the issue in th[e] case' . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue . . .," and a federal habeas court "must defer to the state court's decision.") (citations omitted). Section "2254(d) mandates that only Supreme Court precedential holdings clearly establish a right, [but] our circuit precedent may provide persuasive authority for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent." Mendez v. Knowles, 556 F.3d 757, 767 (9th Cir. 2009).

Under the second AEDPA exception, habeas relief is available only if the state court based its result "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)"). The question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Federal courts apply AEDPA standards to the "last reasoned decision" by a state court. Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005); see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim

[are presumed to] rest upon the same ground."). Federal habeas courts reviewing prisoners' claims under 28 U.S.C. § 2254 "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in" Brecht v. Abrahamson, 507 U.S. 619 (1993). See Fry v. Pliler, 551 U.S. 112, 121 (2007); see also Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000) (stating that the Ninth Circuit applies the Brecht harmless error standard "uniformly in all federal habeas corpus cases under § 2254"). Thus, even if constitutional error occurred, the petitioner must still demonstrate actual prejudice, that is, that the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637-38.

### B.  Petitioner's Claims are Not Cognizable in Federal Habeas Corpus Proceedings

Plaintiff asserts the following four claims in his federal petition: (1) the charges brought against him in 1994 were false; (2) his trial counsel never advised him that his maximum term of commitment could be extended;  (3) he would not have pled NGI had he known of "indefinite extensions"; and (4) he was denied the right to a jury trial at all of his extension proceedings.  (Pet. at 6-9.)  Petitioner provides virtually no argument or authority supporting his claims; instead, his petition is replete with references to "abusive" and "dangerous" conditions of confinement, and includes as exhibits two pages of biblical references and a fourteen-page personal history which may at some point have been provided to the Los Angeles Times.  (Id. at 15-16, 17-30.)

#### 1.  Petitioner Does Not Allege Any Violation of Federal Constitutional Rights

Only claims which allege a violation of the federal constitution, laws or treaties are cognizable on federal habeas review.  See 28 U.S.C. §

2254(a); Estelle, 502 U.S. at 67-68. Petitioner makes no allegations connecting his claims to any violations of his federal constitutional rights. Accordingly, the Court finds Petitioner's claims are not cognizable on federal habeas review, and recommends the petition be denied.

### 2. Petitioner's Claims are Unexhausted

"The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner has satisfied the exhaustion requirement if (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available. Id. "To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim." Arrendondo v. Neven, ---- F.3d ----, 2014 WL 4056516, at *12 (9th Cir. 2014) (citations omitted). That is, if a state court is to be given the opportunity to correct an alleged violation of a prisoner's federal constitutional rights, it must be alerted that the prisoner is asserting a claim under the U.S. Constitution. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Gray v. Netherland, 518 U.S. 152, 162-63 ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson, 88 F.3d at 830.

Here, Petitioner's filings before the California Supreme Court (and, for that matter, before the California Court of Appeal), focused exclusively on state law. He failed to present any of the claims raised before the state courts as federal claims. Indeed, in his state habeas petitions, Petitioner

provided only a single citation to any legal authority. (See Lodgment No. 12 at 3 & Lodgment No. 14 at 3.) The case cited, In re Robinson, 216 Cal. App. 3d 1510 (1990), a California state case, does not analyze a federal issue. See Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (stating that for purposes of exhaustion, a citation to state authority analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing the issue). Because Petitioner did not "fairly present" any federal claims in state court, and thus never apprised the state court that his claims were at all federal in nature, any purported federal claims he asserts in his federal petition are unexhausted. See, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (finding federal habeas claim procedurally barred because although petitioner had presented his claim to the Washington Supreme Court, he had presented the claim on state law grounds only).

Petitioner can also satisfy the exhaustion requirement by demonstrating that no state remedy remains available. Johnson, 88 F.3d at 829. He has not done so here. "When a prisoner has deprived the state courts of a fair opportunity to pass on his claim and state procedural rules bar him from returning to state court, he has procedurally defaulted and is ineligible for federal habeas relief unless he can show 'cause and prejudice.'" Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003). Petitioner has made no attempt to demonstrate cause or prejudice for any procedural default in state habeas proceedings.

For these reasons, federal review of Petitioner's claims is barred, and the Court recommends the petition be denied.

**C.    Petitioner is Not Entitled to Habeas Relief**

Even if federal review of his claims was not barred, Petitioner would not be entitled to habeas relief.

### 1. **Claims 1 and 2**

Claims 1 and 2, in which Petitioner asserts that the charges brought against him in 1994 were false, and that his trial counsel never advised him that his maximum term of commitment could be extended, respectively, both relate to the "original" 1995 trial and judgment against Petitioner.

#### a. **The Claims Are Time-Barred Under the AEDPA**

The statute of limitations under the AEDPA applies to Petitioner's presentation of claims in this Court. <u>Calderon v. U.S. District Court (Beeler)</u>, 128 F.3d 1283, 1286-87 (9th Cir. 1997), <u>as amended on denial of rhg. and rhg. en banc</u>, <u>cert. denied</u>, 522 U.S. 1099 (1998), <u>overruled on other grounds</u> in <u>Calderon v. U.S. District Court</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, subparagraphs (B) and (C) plainly do not apply, and Petitioner has provided no argument that they apply. Thus,

either subparagraph (A) or (D) of 28 U.S.C. § 2244(d)(1) applies to Petitioner's claims. With respect to (A), Petitioner's 1995 judgment became final many years ago and, with respect to (D), Petitioner was presumably aware back in 1995 of both the factual basis for his arrest and of his trial counsel's advice at the time of his NGI plea and, further, has faced recommitment every two years since 2004. In fact, Petitioner believed that his sentence was supposed to "top out" on January 5, 2003. (Pet. at 15.) He was, therefore, aware then, as well as during his biannual recommitment hearings, that his term of commitment could be extended; thus, it cannot be said that he just recently learned of the factual predicate of his second claim. Clearly, the statute of limitations for both of these claims has long since passed – claim 1, nearly twenty years ago, and claim 2, over a decade ago.

### b. Petitioner is Not "In Custody" in Relation to the 1995 Judgment Nor For the Previous Four Judgments of Recommitment

Additionally, as observed by Respondent, Petitioner is no longer in custody as a result of the 1995 judgment, nor for the first four subsequent judgments of recommitment, and thus may not challenge those judgments. Rather, he is limited to challenging only his current confinement, which is the result of the October 3, 2012 judgment in which the trial court found that Petitioner was still suffering from a mental disorder to such a degree that he remained a substantial danger to himself and others, and should be committed for an additional two years to October 3, 2014. (See Lodgment No. 4 at 56, 57-58.) In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be

regarded as conclusively valid." Id. at 403.  "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under [section] 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04; see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (interpreting the "in custody" requirement as "requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed.") (emphasis added).

The factual basis for both claims 1 and 2 pertain to Petitioner's original trial and commitment.  Under Lackawanna, he cannot challenge his current custody, which is the result of the 2012 judgment, by attacking either his initial conviction or the first four judgments of recommitment.  Accordingly, these claims should be denied.

### 2. **Claim 3**

Claim 3, in which Petitioner alleges, without citations to any facts or authority, that he would not have pled NGI had he known of "indefinite extensions," is conclusory.  It is well-settled that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  Accordingly, this claim should be denied.

### 3. **Claim 4**

Petitioner makes a single allegation that can be related to the October 2012 judgment for recommitment.  Petitioner contends that he was denied his right to a jury trial at all extension proceedings including, presumably, his 2012 trial. (Pet. at 9.)  Nowhere, however, does Petitioner set forth facts, argument, or authority supporting this contention, nor does he offer any challenge to or explanation of the trial court's clear indication

that both sides waived their right to a jury.  (See Lodgment No. 4 at 58, 75.)  Again, an unsupported conclusory allegation does not warrant habeas relief.  Jones, 66 F.3d at 204.  Thus, this claim should be denied.

### 4. Challenges to Conditions of Confinement

Petitioner's petition is replete with references to what he alleges are abusive and dangerous conditions of confinement.  (See, e.g., Pet. at 7 ("I am a victim & witness of abuses," "Can you please save me from the ASH unit 17 or program 3 severe & or too dangerous treatments . . . .").)  To the extent Petitioner is challenging the conditions of his confinement at ASH, he must do so via an action pursuant to 42 U.S.C. § 1983, not through a habeas petition.  See, e.g., Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a [section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")

## IV. Conclusion and Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards.  Therefore, the undersigned magistrate judge hereby recommends that the Petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Larry A. Burns, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that not later than **October 14, 2014**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned

"Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **October 24, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 23, 2014

Jan M. Adler
U.S. Magistrate Judge

13cv2693